## RUBINKAM v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7494.

Circuit Court of Appeals, Seventh Circuit.

Feb. 26, 1941.

John C. Gregory, of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Michael H. Cardozo, IV, of Washington, D. C., for respondent.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is a petition for the review of a decision of the Board of Tax Appeals approving the action of the respondent, who found that petitioner was liable for a deficiency income tax for the year 1936 resulting from the disallowance of a deduction of $3,500 claimed to be a bad debt, ascertained to be worthless and charged off during the taxable year.

By § 23 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1660, 26 U.S.C.A.Int. Rev.Code, § 23(k), deductions are allowed individuals for debts ascertained to be worthless and charged off within the taxable year.

In May, 1930, one Menrath interested E. G. Dunne, a construction engineer, in the construction of a garage in the city of Chicago and requested petitioner to finance the preparation of plans and specifications. Petitioner advanced $500 to defray such expenses and on May 22, 1930, delivered to Menrath certain bonds secured by a junior mortgage on an apartment building in Chicago. The bonds were to be used to raise money for the project; if it succeeded, the amount raised upon the bonds and the $500 advanced were to be treated as petitioner's participation in the venture, and if it failed, the amount realized upon the bonds and the cash advanced were to be repaid to petitioner. $3,000 was realized upon the bonds. The project failed and on April 2, 1931, Dunne, for the purpose of redeeming his promise, executed his note for $3,500, pay-

able to Menrath, who endorsed it to petitioner without recourse.

During and after 1931 petitioner, from time to time, made demands on Dunne for payment of the note and Dunne promised to pay it from the proceeds of several projects on which he was then working. Thereafter, up to and including 1935, Dunne and his family occupied an apartment having a rental value of $300 per month; maintained an automobile, dressed and lived well and maintained a large and ornate suite of offices in which he conducted his business. In the summer of 1936 Dunne disappeared and petitioner has since been unable to locate him. During all of the period from April 2, 1931, until Dunne's disappearance, Dunne was well able to pay the amount of the note.

The Board of Tax Appeals found as a fact that the note was ascertained to be worthless in 1936, but disallowed the deduction on the ground that "there was no record of it in any of petitioner's books or accounts."

■ The sole question we are asked to decide, as stated by the respondent, is whether there is evidence to support the finding that petitioner failed to charge off the bad debt claimed as a deduction. To be sure, we are bound by the rule that where there is substantial evidence to support the Board's finding upon a question of fact, its decision of such a question is conclusive upon review and the conclusion must be accepted, but where the ultimate findings is a conclusion of law or at least a determination of a mixed question of law and fact, it is subject to judicial review. Washburn v. Commissioner, 8 Cir., 51 F.2d 949, 951 and Bogardus v. Commissioner, 302 U.S. 34, 39, 58 S.Ct. 61, 82 L.Ed. 32.

The undisputed facts disclose that petitioner, who is engaged in the practice of law under the name of Hoyne, O'Connor & Rubinkam, kept no books of account except such as showed the accounts of his professional services. There was no entry in those books concerning the $3,500 note. One Greig, a public accountant, audited the books of that firm and prepared petitioner's income tax return. While Greig was preparing the income tax return, petitioner, in February, 1937, handed Greig the note in question and directed him to enter upon the income tax return as a bad debt a deduction of the amount of the note. Greig made such an entry in the income tax return and noted a charge off upon the note.

It is upon the record thus appearing that counsel for respondent asks us to affirm the decision of the Board.

■ Congress has not provided any particular mode of charge off nor has it prescribed the mechanical process of keeping accounts. Accounts may be recorded in an elaborate set of books, or in mere memoranda, or be recorded only in the brain of the taxpayer. Therefore, anything which manifests the intent to eliminate an item from assets is sufficient to constitute a charge off. Jones v. Commissioner, 7 Cir., 38 F.2d 550 and Commissioner v. MacDonald Engineering Co., 71 Cir., 102 F.2d 942, 945. It is clear from this record that the petitioner had not only manifested his intention to eliminate the $3,500 note from his assets, but he actually entered a formal entry of the charge off upon the face of the note.

We are satisfied that the Board of Tax Appeals erred in disallowing the deduction, consequently the decision must be and is hereby reversed.